## JARVIS POLLEY vs. JOHN S. FRAY AND ANOTHER.

In general assumpsit for work and labor the bill of particulars contained the following item: "To extra labor for taking out and changing stairways, and general loss of·labor, &c."

Held, that the item was too vague and indefinite to form the basis of recovery under the declaration.

INDEBITATUS ASSUMPSIT; brought to the Court of Common Pleas, and tried on the general issue closed to the court, before *Brewster, J.*

The bill of particulars filed was as follows:

To furnishing and laying 22,000 bricks in
  mortar *a* $22, $484.00
To furnishing and laying 8 chimney-tops *a* $20, · 160.00
To laying foundations for chimneys *a* $5, 20.00
To furnishing and plastering 5,234 yards *a* 40 cts., 2,093.60
To extra labor for taking out and changing stairways
  and general loss of labor, &c., · 150.00

| | |
|---|---|
| *Cr.* | $2,810.60 |
| By cash received, | $2,300.00 |
| | $510.60 |

The defendants during the year 1870, and since, were partners in business, at Bridgeport, Conn., under the firm-name of Fray & Pigg. They were owners in severalty of adjoining lots on South Avenue, in Bridgeport, upon which two houses were built, one for each defendant, on his own land. One architect superintended the building of both houses, which were substantially alike, and the work of several contractors. The plaintiff, after consulting and obtaining special information as to the details of the work from the architect, who was authorized by the defendants to give the same, made a contract to do the mason work on the buildings, and made the following proposals therefor in writing:

BRIDGEPORT, Sept. 20th, 1870.
Messrs. FRAY AND PIGG:
    *Gents:* I propose to build the centre division wall

through cellar piers to verandahs, of brick. All the stacks of flues, &c., as called for per plan and specifications; lath and plaster all the rooms called for by specifications, with two coats, one coat brown and one white, hard finish—the attic to be skim-coated; set and furnish all the pipe-rings. All the material for the said work to be furnished by me, except sand. The work to be well done, and to the acceptance of the architect, for the sum of twelve hundred and thirty-seven dollars, in three payments, the first one hundred and fifty dollars when the centre walls and chimneys are complete; second of six hundred dollars when the brown coat is on; the last of four hundred and eighty-seven dollars when the building is complete and accepted. These terms to be considered as binding for both houses. JARVIS POLLEY.

The defendants accepted the proposals, in writing, as follows:

BRIDGEPORT, Sept. 21st, 1870.

MR. JARVIS POLLEY:

*Sir*: We accept the above proposition, and agree to pay the stipulated price as specified, upon the faithful performance of the work, and to the acceptance of the architect.

JOHN S. FRAY.
HORACE PIGG.

The plaintiff claimed that the contract was jointly binding on the defendants, and was made by them as partners, and offered parol evidence to show that the contract was made with them as partners, claiming that the evidence was offered, not to contradict or vary the contract so far as it was made in writing, or to explain it in such a sense as to qualify or limit its terms and meaning, but to show what the joint nature of the defendants' engagement was, which he claimed was left indefinite by the terms of the writing, and to prove the averments of the declaration, and also to show the relation of the parties to the architect, and to each other. The defendants objected to this testimony, and insisted that the contract was wholly contained in the writing, and must be construed from the express terms of it, and that parol evidence was not admissible to contradict, vary or explain it.

But the court overruled the objection and admitted the evidence.

The plaintiff offered evidence to prove and claimed to recover for extra work not bargained for in the written contract, viz: for laying the foundations of two chimneys in each of the lots, and for extra labor in changing the stairways in each of the houses, and for extra labor and expense and general loss of time and labor in the performance of the work, which he claimed was a variance from the contract as made with the defendants, and was the fault of the defendants, and not of the plaintiff. To the admission of this evidence the defendants objected, on the ground that the defendants were liable for all extra work, if at all, as individuals, and not as partners, not jointly, but severally. But the court overruled the objection and admitted the evidence, and held that the defendants were jointly liable, finding that the extra work and changes were made by the direction of the architect, who was the authorized agent of the defendants during the whole work.

The plaintiff also claimed to recover the sum of $83.26, as for work done under the contract, for which he had received no payment, which work the court found was done by the plaintiff for the defendants, and was worth the sum demanded.

It was not shown that the architect had ever accepted the work according to the terms of the contract, but the defendants had gone into occupation of the houses on their completion, and the work was so varied from the original contract by the changes, that the court held that such acceptance by the architect was rendered unnecessary.

It was admitted by the plaintiff that he had received of the contract price for his work upon the houses the sum of $2,390.-74, and the defendants claimed that the plaintiff should be charged with a further sum.

Upon this claim the court found that when the walls were put on, the weather was so cold that there was imminent danger that they would freeze, and be greatly injured. The plaintiff was then in New Milford, and the work on the houses was in charge of his workmen, who had no means of his to

purchase stoves or fuel. His credit had not been, and was not then, good, and the defendants had been obliged to purchase, and had purchased, at his request and in his absence, at the request of his workmen, with his assent, large quantities of the material used by him in the houses, and charged the same to him.

Upon the application of the workmen, and of their representation of the danger to the walls, the defendants procured and placed and used in each of the houses, stoves and fuel for the protection of the walls, and for the mutual benefit of the plaintiff and defendants, the expense of which was charged over to the plaintiff; and thereupon the court disallowed said claim, and held that under the contract the defendants were bound to provide all the stoves and fuel necessary for the protection of the walls from the cold, it having been proved to be the general custom in regard to mason work for the owner of the building to furnish fires to dry the walls.

The defendants also offered evidence to prove that there had been a failure on the part of the plaintiff to fulfil his contract, in that the attic walls had never been fully finished, and in other similar deficiencies.

The court found that the plaintiff failed to perform the contract in such respects according to its terms, but that such deviation was not intended on the part of the plaintiff, and was owing to circumstances over which he had no control, and that the plaintiff had in good faith endeavored to fulfil the contract. And the court held that the plaintiff was entitled to recover for work done under the terms of the contract what his services were worth, less the sum of $83.26, damage proven consequent upon and caused by said failure.

The defendants claimed and insisted generally that upon the facts in the case they were neither jointly nor severally liable, under the plaintiff's declaration, upon the whole or any of the separate items of the plaintiff's claim, and particularly that they were not jointly liable for said sum of $83.26, because the contract was several in its terms, and the plaintiff had failed to perform it to the acceptance of the architect, nor for the extra work upon the chimneys, nor in chang-

ing the stairways, because the same was done upon the separate property, and for the sole benefit of each of them, nor for the extra labor and expense and general loss of time and labor for the same reason, and because no claim therefor is set forth or contained in the declaration. But the court overruled these claims of the defendants, and upon the whole case rendered judgment for the plaintiff to recover of the defendants $303.26 :

| | |
|---|---:|
| The contract price unpaid, | $83.26 |
| Chimney foundations, | 20.00 |
| Extra work in attic, taking out and changing stairways, | 50.00 |
| General loss of labor, &c., | 150.00 |
| | $303.26 |

The defendants moved for a new trial.

*Treat* and *Bullock,* in support of the motion.

*Sanford,* contra.

FOSTER, J. Some of the questions raised on this motion resolve themselves rather into questions of fact than questions of law, and so of course cannot be reviewed by this court.

There is an item in the plaintiff's bill of particulars, evidence to support which, though objected to, was received by the court, which we think clearly inadmissible. We allude to the item, " general loss of labor, &c., $150." It is certainly not easy to understand an item so vague and indefinite as this, and quite impossible so to understand it as to make the claim admissible under this declaration. If the plaintiff was delayed, compelled to lose time in the performance of work which he had contracted to do for the defendants, by any acts or omissions for the doing or not doing of which they were responsible, no doubt there should be, and there is, a remedy. But it is not attainable in the mode here chosen. The declaration is not adapted to such a claim. It makes no intimation that one of such a character will be introduced,

and so affords no oppportunity to the other party to prepare a defence.

The correctness of the rulings of the court on some other points is not wholly free from doubt; but if the plaintiff will remit the amount allowed on this item, $150, the motion for a new trial is denied; if this amount is not remitted, the motion for a new trial is granted.

In this opinion the other judges concurred.